FILED
2018 Feb-09 PM 01:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DISTRICT

| | |
|---|---|
| WILLIAM UPTON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 2:17-cv-00771-LSC |
| ) | |
| PLANTATION PIPE LINE ) | |
| COMPANY, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF OPINION**

Plaintiffs, William Upton; Winwood Land, Holdings, LLC; Paul Yeager; Clara Yeager; Paul Yeager, Jr.; Marco Bonilla; and Clara Jill Yeager Bonilla; (collectively referred to as "Plaintiffs") originally filed this action in the Circuit Court of Shelby County, Alabama. Plaintiffs seek compensatory and punitive damages for: the release of petroleum onto and near their properties, and the failure to accurately evaluate and remediate the release, as well as damages to real property, property rights, and the loss of quiet and peaceful enjoyment. Defendants, Plantation Pipe Line Company ("Plantation"); Kinder Morgan Energy Partners, L.P.; Kinder Morgan Management, LLC; Kinder Morgan, Inc.; Kinder Morgan G.P., Inc.; Kinder Morgan Operating, L.P. "A"; and Kinder Morgan Operating L.P. "B"; (collectively "the Kinder Morgan Entities") removed the

action to this Court on May 10, 2017 asserting diversity jurisdiction pursuant to 28 U.S.C. §§1332, 1441 and 1446. (Doc. 1.) In response, Plaintiffs filed a Motion to Remand on May 19, 2017, claiming resident Defendant Bhate stripped this Court of jurisdiction and warranted remand. (Doc. 7.) For the reasons stated below, the Motion to Remand (doc. 7) is due to be GRANTED.

## I. BACKGROUND[1]

On August 21, 2014, Defendants' pipeline released thousands of gallons of petroleum onto Plaintiffs' properties. Clean-up efforts began shortly thereafter. However, petroleum continues to contaminate the surface and surface waters. As a result, Plaintiffs have lost business opportunities, as well as the use of their wells; and incurred property damage, diminution of land value, emotional distress, mental anguish, and have suffered a continuous nuisance. Plaintiffs filed this action in state court on March 30, 2017, listing Plantation, the Kinder Morgan Entities, CH2M Hill, CH2M Engineers, Inc., and Bhate Environmental Associates Inc, ("Bhate"), and fictitious defendants A, B, and C, as defendants (collectively "Defendants"). Plantation and Kinder own the pipeline, and CH2M Hill, CH2M Engineers, Inc., and Bhate, were responsible for determining the scope of the contamination, creating remediation protocols, and collecting samples for testing.

---

[1] These are the facts for purposes of ruling on the Motion for Remand only. These may not be the actual facts. They are taken from the parties' submissions and briefings; the Court makes no ruling on their veracity.

Plaintiffs claim Defendants are liable for negligence, wanton and willful conduct, gross negligence, trespass, nuisance, and strict liability.

## II. STANDARD OF REVIEW

This Court, like all federal courts, is a court of "limited jurisdiction." *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1134 (11th Cir. 2013). It is authorized to hear only those cases falling within "one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016). A defendant may remove an action initially filed in state court to federal court if the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a)). For removal to be proper, the court must have subject-matter jurisdiction in the case. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Because they removed this action, Defendants bear the burden of establishing that removal was proper. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Any doubt about the existence of federal jurisdiction "should be resolved in favor of remand to state

court." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (internal citations omitted)).

## III. DISCUSSION

In order for the Court to exercise diversity jurisdiction, two requirements must be met: (1) the matter in controversy must exceed $75,000, and (2) there must be complete diversity among the parties. 28 U.S.C. § 1332(a); *see, e.g.*, *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The Defendants removed this case on the basis of diversity jurisdiction, despite Bhate's citizenship, claiming fraudulent joinder. Plaintiffs argue that viable state law tort claims were asserted against Bhate as a private corporation having its principal place of business in Birmingham, Alabama, and thus diversity jurisdiction under 28 U.S.C. § 1332(a) does not exist. Here, the amount in controversy is alleged to be over $75,000 and is not in dispute. (Doc. 7-1 at 2.) Therefore, the only issue in Plaintiffs' Motion to Remand is whether Bhate was fraudulently joined.

Fraudulent joinder provides an exception to the complete diversity requirement. *Triggs*, 154 F.3d at 1287. When a non-diverse defendant is joined solely to defeat diversity jurisdiction, the presence of the non-diverse defendant must be ignored when determining jurisdiction. *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). A defendant may show fraudulent joinder by demonstrating by clear and convincing evidence among other things

that: "'there is no possibility the plaintiff can establish a cause of action against the resident defendant . . . .'" *Id.* (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). A defendant who seeks to prove a non-diverse defendant was fraudulently joined has a heavy burden. *Crowe*, 113 F.3d at 1538.

Fraudulent joinder determination "must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). Here, Defendants do not claim Plaintiffs alleged fraudulent facts, instead only that it is not possible for the Plaintiffs to state a cause of action. The "no cause of action" theory of fraudulent joinder requires Defendants to prove that there is "[no] possibility that a state court would find that the complaint states a cause of action against . . . the [non-diverse] defendant[ ] [Bhate]." *Crowe*, 113 F.3d at 1538 (quotation marks omitted).

Whether a possible cause of action has been asserted is determined by the state pleading standards, rather than the federal ones. *Stillwell v. Allstate Ins. Co.*, 633 F.3d 1329, 1334 (11th Cir. 2011). Under Rule 8, Ala. R. Civ. P., a complaint that "puts the defendant on notice of the claims against him" is sufficiently pled. *Bethel v. Thorn*, 757 So. 2d 1154, 1158 (Ala. 1999). Plaintiffs simply must demonstrate that "[t]he potential for liability [is] reasonable and not merely theoretical." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (internal

citations and quotations omitted)). A claim is not proper where "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Norfolk S. Rail Co. v. Goldthwaite*, 176 So. 3d 1209, 1212 (Ala. 2015) (internal quotations and citations omitted). If there is a possibility the complaint states an arguable or colorable cause of action against the resident defendant, the Court must find joinder was proper. *Id.*; *see also Pacheco de Perez*, 139 F.3d at 1380.

When assessing an assertion of fraudulent joinder, factual allegations and uncertainties about the applicable law must be evaluated in the light most favorable to the plaintiff. *Legg*, 428 F.3d at 1322. Here, Plaintiffs brought six claims in their Complaint: negligence, willful and wanton conduct, gross negligence, trespass, nuisance, and strict liability[2]. (Doc. 1-1.) If Plaintiffs have possibly stated a claim under any one of these theories of liability as against Bhate, remand is warranted.

### A. *Negligence and Gross Negligence*

Plaintiffs allege that Defendants, including Bhate, breached a duty owed to them to properly sample, test, cleanup, monitor, and otherwise remediate the

---

[2] In Alabama, strict liability applies to any harm caused by any abnormally dangerous activity despite the exercise of utmost care. *Harper v. Regency Development Co., Inc.,* 399 So. 2d 248, 252 (Ala. 1981) (liability for abnormally dangerous activities has typically been limited to activities such as blasting in Alabama). Whether an activity is abnormally dangerous is "*ordinarily* . . . a jury question." *Beddingfield*, 127 So. 3d at 1190 (emphasis in original). Because the Court finds that Plaintiffs have stated viable causes of action under other theories of liability as against resident defendant Bhate, it will reserve the question of whether a claim of strict liability has been stated against it for the state court to decide on remand.

gasoline contamination to prevent it from spreading onto and under Plaintiffs' properties. Under Alabama law, a negligence claim is sufficiently pled when it demonstrates that the defendant breached a duty[3] to a foreseeable plaintiff, and the breach proximately caused the injury. *Lemley v. Wilson*, 178 So. 3d 834, 841-42 (Ala. 2015).

Defendants argue that a lack of privity and absence of a contract between Bhate (as subcontractor hired by CH2M Hill) and Plaintiffs preclude the existence of a duty. However, the Alabama Supreme Court has recognized an exception to both the privity and third party beneficiary requirements in negligence claims. *See Cincinnati Ins. Co. v. Barber Insulation, Inc. v. Providence Hospital*, 454 So.2d 441, 446 (Ala. 2006); *see also QORE, Inc. v. Bradford Bldg. Co. Inc.,* 25 So. 3d 1116 (Ala. 2009). Where a defendant performs under a contract, knowing that others rely on the performance, and the resulting harm is foreseeable, a plaintiff may recover for negligence. *Id.* Bhate admittedly contracted with CH2M Hill, and it could have breached its duty under that contract with knowledge that Plaintiffs were reliant on proper sampling for adequate clean-up of their property.

Defendants also assert that Bhate's actions are not the proximate cause of Plaintiffs' alleged injuries and therefore a number of the claims against it fail. Proximate cause "is that cause which, in the natural and probable sequence of

---

[3] The existence of a duty is based upon the facts of the particular case. *Cox v. Miller*, 361 So. 2d 1044, 1048 (Ala. 1978).

events, and without the intervention or coming in of some new or independent cause, produces the injury, and without which the injury would not have occurred." *Alabama Power Co. v. Moore*, 899 So. 2d 975, 979 (Ala. 2004). Plaintiffs allege that Bhate's liability, and thus Plaintiffs' damages, stems from the refusal or failure to test contaminated areas on the part of Bhate. According to the Walker affidavit, Bhate had absolutely no control over what areas were tested because the test sites were pre-determined by CH2M. *See* Declaration of Rhett P. Walker, Jr. ("Walker") (Doc 21-1). Nonetheless, for the purposes of fraudulent joinder analysis, this Court is "not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538. The mere "fact that the plaintiffs may not ultimately prevail against the individual defendants because of an insufficient causal link between the defendants' actions and the plaintiffs' injuries does not mean that the plaintiffs have not stated a cause of action for purposes of the fraudulent joinder analysis." *Pacheco de Perez*, 139 F.3d at 13801-81. Considering all facts in a light most favorable to Plaintiffs, they have alleged a claim for negligence against Bhate under Alabama law.

Plaintiffs' also assert that the breach of duty was performed with a blatant disregard to human health, and will continue to cause harm in addition to damage already incurred, constituting gross negligence. A claim for gross negligence must state the same elements required for negligence, the defendant's knowledge of the

probable consequences of not taking care, as well as an indifference to those consequences. *Wilkinson v. Searcy,* 76 Ala. 176, 181 (Ala. 1884). Willful and wanton conduct is defined as a person behaving "with reckless indifference to the consequences, consciously and intentionally [doing] some wrongful act or [omitting] some known duty" which proximately causes injury. *Lemley*, 178 So. 3d at 841-42. Failure to properly remediate a petroleum spill could rise to the level of gross negligence and could possibly proceed past a motion to dismiss stage in state court, thus the Court finds that Plaintiffs have alleged a colorable claim for gross negligence under the motion to remand standard.

*B. Trespass and Nuisance*

As for their trespass claim, movants note that the Yeager Plaintiffs "have never granted access to any of the Defendants, Bhate included, so as to allow the Defendants to physically trespass onto their respective properties for purposes of drilling monitoring wells and/or conducting any environmental samples." (Doc. 7-1.) A trespass claim requires either an invasion of property possessed by another, a party who remains on the land, or a failure to remove a thing from the land that he has a duty to remove. *See Rushing v. Hooper McDonald, Inc.*, 293 Ala. 56, 59 (1974). In the affidavit attached to the reply brief (doc. 22), Plaintiff Paul Yeager swears that neither he nor any member of his family entered into any access agreement with any of the Defendants giving them any right to trespass on their

land nor did they verbally give any named defendant right of access. (*See* doc 22-1.) He also states that he has "personally witnessed representatives of the defendants including employees of Bhate Environmental trespassing on our property . . . and [has] personally seen the Bhate Environmental logo on vehicles on our property. . . . These defendants' presence on our property without our consent or permission has also been a nuisance." *Id.*

While trespass is a separate tort, the conduct that is sufficient to establish a claim is often the same as that evidencing a claim for nuisance. *See Borland v. Sanders Lead, Co., Inc.*, 369 So. 2d 523, 527 (Ala. 1979). A sufficiently pled claim for nuisance requires an alleged action that "works hurt, inconvenience, or damage on another.". Ala. Code § 6-5-120 (1975) ("The fact that the act done may otherwise be lawful does not keep it from being a nuisance."). "'[A]nything' (i.e., a nuisance, public or private) may consist of conduct that is intentional, unintentional, or negligent. Indeed, it may even consist of activities that are conducted in an otherwise lawful and careful manner, as well as conduct that combines with the culpable act of another, so long as it works hurt, inconvenience, or damage to the complaining party." *Tipler v. McKenzie Tank Lines*, 547 So. 2d 438, 440 (Ala. 1989) (citing Restatement (Second) of Torts § 821B (1979)). In support of their nuisance claim, Plaintiffs allege Defendants' interfered with the use and enjoyment of their property by conducting sampling, testing, clean-up, and

remediation in a manner that is unreasonable, has caused damages, and will continue to cause damage.

Looking at the Complaint supplemented by affidavits, Plaintiffs allege that Defendants entered Plaintiffs' land without permission to test for contamination in multiple locations and at multiple times—establishing possible claims for both trespass and nuisance. The pertinent paragraphs of the Complaint regarding trespass and nuisance are as follows:

> 62. The Defendants' intentional acts and/or omissions have caused and continue **to cause petroleum and its constituent matter to enter** the Plaintiffs' properties over their loudly voiced objections. This knowing and deliberate invasion of the Plaintiffs' properties rights constitutes a trespass under Alabama law. The Defendants' act and omissions are continuing to date.
> 63. Defendants' unconsented to invasion and trespass has caused and continues to cause damage to Plaintiffs in the form of substantial real and personal property damages, out of pocket expenses, loss of qualify of life, aggravation and inconvenience, and the creation of conditions that are harmful to human health and the environment, all of which the Defendants are jointly and severally, liable for in damages.

(Compl., Doc. 7-2 at 20.) Defendants assert that the forgoing paragraphs do not sufficiently put them on notice that a direct trespass claim is being lodged against them. However, under the remand scheme, the Court must consider the Complaint at the time of removal *supplemented by affidavits*. *Pacheco de Perez*, 139 F.3d at

1380 (emphasis added). In light of Plaintiff Yeager's affidavit, colorable claims for both nuisance and trespass[4] exist against Bhate.

*C. Willful or Wanton Conduct*

Plaintiffs allege that Defendants, including Bhate, knew harm would arise from the acts and omissions during clean-up, testing, and sampling, but continued to act in an intentional and willful nature, with conscious disregard to property and rights of the Plaintiffs. In Alabama, "[w]antonness in a trespass action is established by the mere knowledge on the part of the defendant of his invasion of the plaintiff's rights." *Cummans v. Dobbins*, 575 So. 2d 81, 82 (Ala. 1991) (wanton conduct found where trespasser continued to trespass despite knowledge of lack of permission to be on property). Because a colorable claim for trespass exists, Plaintiffs' assertions could therefore also establish a possible state-law claim for willful and wanton conduct.

When considering a fraudulent joinder question, the " . . . federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538. Resolving questions of fact in favor of Plaintiffs, the Court finds that Plaintiffs have stated several

---

[4] Whether direct or indirect, the Plaintiffs have sufficiently pled a trespass claim as against Defendant Bhate. Under Alabama's notice pleading standard, it has been held "that where a complaint contains the elements necessary to constitute a trespass, it is sufficient even though the complaint does not use the word 'trespass.'" *W. T. Ratliff Co., Inc. v. Purvis*, 291 So. 2d 289 (Ala. 1974) (citing *McGill v. Varin*, 106 So. 2d 44 (Ala. 1925)).

arguable state law claims against Bhate. In sum, the causes of action as alleged are "reasonable, not merely theoretical." *Legg*, 428 F.3d at 1325 n. 5.

## IV. CONCLUSION

For the reasons stated above, viable causes of action have been asserted against Bhate, and therefore no fraudulent joinder is found in this case. Accordingly, Plaintiff's Motion to Remand (Doc. 7) is due to be **GRANTED** and the case REMANDED the Circuit Court of Shelby County, Alabama. A separate Order consistent with this Opinion will be entered.

**DONE** and **ORDERED** on February 9, 2018.

_____
L. Scott Coogler
United States District Judge

190685